IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **VICTOR OSCAR CASAS GOMEZ,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-1257-KC** |
| | § | |
| **WARDEN OF ERO EL PASO CAMP** | § | |
| **EAST MONTANA, et al.,** | § | |
| | § | |
| **Respondents.** | § | |

**ORDER**

On this day, the Court considered Victor Oscar Casas Gomez's Petition for a Writ of Habeas Corpus, ECF No. 1. Casas Gomez is detained at Camp East Montana in El Paso, Texas. *Id.* ¶ 3. He argues that his detention is unlawful and asks the Court to order his release. *Id.* ¶¶ 46–60; *id.* at 17.

Casas Gomez is a citizen of Cuba who came to the United States in 1995 under the Cuban Family Reunification Program. *Id.* ¶¶ 18–19. He was ordered removed to Cuba on April 1, 2013. *Id.* ¶ 21. However, Casas Gomez was not removed. *See id.* ¶ 22. Instead, he was released on an Order of Supervision ("OSUP"). *Id.* He has since complied with all reporting requirements and conditions of his release and has not committed any crimes. *Id.* In November 2025, Casas Gomez was stopped by local police while driving, detained, and then transferred to the custody of Immigration and Customs Enforcement ("ICE"). *Id.* ¶ 23. He has been detained since. *See id.* Casas Gomez alleges that he never received a notice of revocation of his OSUP nor an informal interview to contest whether his removal is significantly likely to occur in the reasonably foreseeable future. *See id.* ¶¶ 24–25, 30. According to Casas Gomez, his removal is not likely to occur in the reasonably foreseeable future because the conditions in Cuba have not

changed since he could not be removed in 2013 and, "[i]n fact, the relationship between the U.S. and Cuba . . . has only gotten worse." *Id.* ¶¶ 27–29.

The Court found that "[i]f these allegations are true, Casas Gomez likely meets his burden of providing 'good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.'" May 4, 2026, Order 3, ECF No. 3 (citing *Zadvydas v. Davis*, 533 U.S. 678, 689–90 (2001)). Respondents had to "rebut this showing by either demonstrating that Casas Gomez's removal is likely in the reasonably foreseeable future or deporting him." *Id.* Specifically, the Court ordered Respondents to detail (1) the concrete steps taken to effectuate Casas Gomez's removal, (2) the obstacles preventing his removal, (3) the concrete steps taken to address those obstacles, and (4) the anticipated timeline for his removal. *See id.*

Respondents have now filed a Response, ECF No. 4, and in support, the Declaration of Deportation Officer Omar Flores ("Flores Decl."), ECF No. 4-1. According to Flores, Enforcement and Removal Operations ("ERO") has attempted to remove Casas Gomez to Mexico twice—once on January 16 and again on February 16—but Casas Gomez refused to consent both times. *See* Flores Decl. ¶¶ 5–7. "In response to [Casas Gomez's] lack of cooperation, ERO has reviewed the possibility of removal to a third country; however, no viable third country option has been identified or accepted for [Casas Gomez]." *Id.* ¶ 8. Thus, Flores states, "[t]he timeline to remove [Casas Gomez] is currently unknown." *Id.* ¶ 9.

In sum, Casas Gomez has been detained for over six months. Respondents do not dispute Casas Gomez's allegations that he cannot be removed to Cuba. *See generally id.*; Resp. Moreover, Respondents have exclusively attempted to remove Casas Gomez to Mexico since he has been detained. *See* Flores Decl. ¶ 5. Thus, it appears that Casas Gomez cannot be removed to Cuba. As for Mexico, the Court takes judicial notice on the basis of Respondents'

representations in other habeas proceedings in this Court, that they cannot remove Casas Gomez to Mexico without his consent, which he has refused to give on multiple occasions. *See id.* ¶¶ 5–7. And despite Respondents apparent efforts to identify a third country other than Mexico for Casas Gomez's removal, "no viable third country options [have] been identified or accepted." *Id.* ¶ 8. Respondents do not even claim that they are continuing to work to identify other countries. *See generally id.*; Resp. Nor do they provide an anticipated timeline to identify another country, let alone a timeline for Casas Gomez's removal. *See generally* Flores Decl.; Resp. Thus, Respondents have failed to carry their burden of proving that Casas Gomez's removal is significantly likely in the reasonably foreseeable future. *See Zadvydas*, 533 U.S. at 689–90; *see, e.g.*, *Trejo v. Warden of ERO El Paso East Montana*, --- F. Supp. 3d ----, 2025 WL 2992187, at \*5–6 (W.D. Tex. Oct. 24, 2025).

Accordingly, the Petition is **GRANTED IN PART**. *See id.* The Court **ORDERS** that Respondents shall **RELEASE** Casas Gomez from custody, under reasonable conditions of supervision, **by no later than May 19, 2026**.

**IT IS FURTHER ORDERED** that, **on or before May 19, 2026**, Respondents shall **FILE** notice informing the Court whether Casas Gomez has been released from custody in compliance with this Order.

**Barring exceptional circumstances, there will be no extensions of the May 19, 2026, deadlines.**

3

**SO ORDERED**.

**SIGNED this 12th day of May, 2026.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE